**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

FILED
DEC 3 1 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

JAMES F. JOHNSON,

Plaintiff,

v.

DIRECTOR, COURT SERVICES AND
OFFENDER SUPERVISION AGENCY, *et al.*,

Defendants.

Civil Action No. 18-1972 (UNA)

## MEMORANDUM OPINION

The Court construes Plaintiff's Motion for Permanent Injunction, ECF No. 1, as a civil complaint. Plaintiff states that he "was ordered to register as a[] District of Columbia sex offender during the 2003-2004 year . . . after his release from the Federal Bureau of Prisons after being paroled for a[] 1984 narcotics conviction." Compl. at 3. Plaintiff maintains that he was acquitted of rape in 1976, *see id.* at 2, yet his own exhibits reflect a conviction for rape while armed in 1976, *id.*, Ex. (Judgment and Commitment Order). Nevertheless, plaintiff challenges the requirement that he register as a sex offender, *see id.* at 2-3, and seeks an order barring defendants from "dispensing information, relating certain materials relating to sex offender registration, media viewing, and sex offender registrry [sic] in it's [sic] entirety, and or any child related sexual misconduct in any manner," *id.* at 4.

The plaintiff's status as a registered sex offender has come before this Court before. In 2012, plaintiff filed a petition for a writ of mandamus which sought an order compelling the Court Services and Offender Supervision Agency to relieve him of his obligation to register as a

sex offender for life. The Court denied the petition because plaintiff "failed to demonstrate the requirements for mandamus relief, and he has utilized – albeit unsuccessfully – an adequate remedy under D.C. Code § 22-4004 available to him in Superior Court." *Johnson v. Gray*, Civ. No. 12-0967, 2012 WL 5512869, at *1 (D.D.C. Nov. 14, 2012), *aff'd sub nom. Johnson v. Ware*, No. 12-5388, 2013 WL 2395115 (D.C. Cir. Apr. 30, 2013).

Rape is a registration offense, *see* D.C. Code § 22-4001(8), for which an offender must register for life, *see* D.C. Code § 22-4001(6). Any challenge to such designation is available under D.C. Code § 22-4004 in the Superior Court. *See In re W.M.*, 851 A.2d 431, 453 (D.C. 2004). It is apparent that plaintiff unsuccessfully challenged his designation as a Class A offender, *see Johnson*, 2012 WL 5512869, at *1 (citing *Johnson v. CSOSA*, No. F-33483-76 (Super. Ct. Sept. 27, 2004) (denying petitioner's motion "challenging his status as a sex offender under the [SORA]")), and this Court is without jurisdiction to disturb this ruling.

The Court will grant plaintiff's application to proceed *in forma pauperis* and will dismiss the complaint. An Order consistent with this Memorandum Opinion is issued separately.

DATE: December 31, 2018

United States District Judge